## STONE & *a.* *v.* ANDERSON & *a.*

Service of a bill in chancery and subpœna may be made upon a defendant residing out of the State, by a private individual, and the service may be proved by his certificate under oath.

Where a private individual may by law serve a copy of any proceedings, he may himself attest the copy.

Where a private person made a certificate under oath upon the back of a subpœna that he had given a true and attested copy of the same to a defendant residing in Boston ; and also made a like certificate upon a copy of a bill in chancery duly attested by the clerk—*Held*, that the service was sufficient.

IN EQUITY. The bill was in favor of Stone, Page and others against John Anderson and Frederick W. Sargent of Boston, and Samuel Morrison and William Morrison of Bethlehem, in this State. It was filed in the clerk's office prior to the last term of this court, and duly entered at that term. No notice having been given to the defendants of the pendency of the proceeding, the case was continued generally for notice, without any special order as to the manner in which service should be made. A subpœna in due form was issued, directed to the defendants, commanding

them to appear at this term of the court. This subpœna was served upon Anderson and Sargent by a private individual, who made upon the back of it this return, duly signed and sworn to : " Boston, February 19th, 1852. I, Thompson Baxter, on oath certify that I have this day given the within named Anderson in hand, a true and attested copy of the within subpœna ; and I have also this day left at the present and usual place of abode of the within named Sargent, a true and attested copy of the same."

The subpœna was regularly and duly served upon the Morrisons, by an officer in this State.

The same person who served the subpœna upon Anderson and Sargent, also served upon them what purported to be a copy of the bill, and he made upon an attested copy furnished by the clerk this return, duly signed and sworn to : " I, Thompson Baxter, on oath certify that I have, on this 19th day of February, A. D. 1852, served on the defendant Anderson, personally, a true and attested copy of this bill ; and I left at the present and usual place of abode of the defendant Sargent, this same day, a true and attested copy of said bill."

The counsel for Anderson and Sargent appeared for the purpose of objecting to any further proceedings against them, on the ground that no proper and legal service had been made upon them.

*Bellows*, with whom was *Rand*, for the orators.

The general provisions of the statute in regard to the service of process do not apply to cases of this kind. Rev. Stat. chap. 183 § 2. But the fifth and seventh sections of the same chapter do apply. Service out of the State may be made by any person.

We admit that there is no provision of statute in regard to service of bills in equity. All that we have upon the subject is to be found in the rules of court. Rule 61 applies to service upon parties resident in the State. Rule 65 was

made to reach this very class of cases. And we refer the court to these rules ; also to Blake's Chan. Practice 73 ; and to Daniel's Chan. Prac. 498.

*Quincy,* with whom was *Bingham,* for the defendants.

It appears to us that upon general principles this service was insufficient. The copy was not certified by any one who was authorized.

The cause was continued for notice, and something should have been served upon the party that had the evidence of authenticity. It does not appear that the paper left was an original or a copy, or served by any one authorized in any way to serve it.

The rules read by the counsel do not apply to a case of this kind. The court should make a special order of notice. Such is the practice.

EASTMAN, J. When bills in chancery are filed in term time and no previous notice has been given, and the case is continued for notice, it is not unusual to have the manner in which service shall be made designated upon the docket by a special order. But such a course is not necessary. Our 58th rule provides that " bills in chancery may be filed in term, or in the clerk's office in vacation, and subpœnas may be issued as of course, returnable at the regular subsequent term, which shall be served at least fifteen days before the return day thereof. And the complainant shall also cause an attested copy of the bill to be delivered to the defendant, or left at his last and usual place of abode, at the time of the service of the subpœna, or within fifteen days after such service." The 62d rule provides that " subpœnas which issue returnable at a subsequent term shall contain a command upon the defendant, in the mean time to yield due obedience to all rules and orders which shall lawfully be served upon him relating to said bill of complaint."

The subpœna in this case was issued under these rules, and if that and the copy of the bill have been legally served, the notice to the defendants is sufficient. They purport to have been served at the same time, according to the requirement of the 58th rule.

The 61st of our rules of court provides that subpœnas shall be served by the same officers and in the same manner as original writs of summons are by law to be served; and the second section of chapter 183 of the Revised Statutes provides that " writs of summons shall be served by reading the same to the defendant, or by giving to him an attested copy thereof, or leaving such copy at his usual place of abode." But there is no provision of the statute for the service of writs of summons upon persons residing out of the State. Where however property is attached, and the defendant resides out of the State, an attested copy of the writ and return may be given to the defendant, or left at his usual place of abode. Rev. Stat. chap. 183 § 5. And the giving or leaving such copy may be proved by the certificate, under oath, of the officer who made the attachment, or of some proper officer in the State where the defendant lives, or of some other person. Rev. Stat. chap. 183 § 6.

In the 65th rule it is provided that if it shall appear by the return of the officer, or other satisfactory evidence, that the defendant has had personal notice of the pendency of the bill at least fifteen days before such term, his default may be recorded, and the bill taken *pro confesso.*

On comparing these provisions of the statute and the several rules of court alluded to, our conclusion is, that by analogy to proceedings at common law this service must be regarded as sufficient; that service out of the State may be made by a private individual, and proved by his certificate under oath, as well as by an officer.

The suggestion of counsel that the copies served upon the defendants had no evidence of authenticity upon them, has not been overlooked. It appears that the copies of the

subpœna and of the bill which were left with the defendants by Baxter, were not attested by the clerk or any officer as true copies, but by him alone.

Did we regard this as a new question in our practice, we might perhaps hesitate before sanctioning it; but it has been repeatedly ruled, and the practice has been for some time recognized, that where service may be made by a private individual by a copy, he may himself certify and swear to the copy. This has been the practice more particularly in the service of road petitions.

The object is to give the party notice of the pendency of the proceedings. The copy served is in effect a sworn copy, and in most instances would be likely to be quite as correct as an ordinary copy certified by the clerk; and the party is as fully apprised of the proceedings as if the papers were served by an officer. But without discussing the matter any further, we think the practice should not be disturbed, and we hold the

*Service sufficient.*